**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22349-BLOOM**

MAXIMILIANO ENRIQUE
ARIAS-RODRIGUEZ,

      Petitioner,

v.

MIAMI ICE FIELD OFFICE DIRECTOR, in his
official capacity; MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S. Department of
Homeland Security; TODD M. LYONS, in his official
capacity as Senior Official Performing Duties of Director
of U.S. Immigration and Customs Enforcement; and
U.S. ATTORNEY GENERAL, in his official capacity.

      Respondents.

_____/

## <u>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS CAUSE** is before the Court upon Petitioner Maximiliano Enrique Arias-Rodriguez's

("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging

that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody.

ECF No. [1]. The Court ordered a response from Respondents, Miami ICE Field Office Director,

the Secretary of the Department of Homeland Security, the Director of ICE, and the U.S. Attorney

General (together, "Respondents"). *See* ECF No. [3]. Respondents timely filed a Response, ECF

No. [4]. The Court has considered the Petition, the Response, the record in this case, the applicable

law, and is fully advised. For the reasons set forth below, the Petition is granted in part and denied

in part.

Case No. 26-cv-22349-BLOOM

### I.   FACTUAL BACKGROUND

Petitioner is a national and citizen of El Salvador who entered the United States without inspection in September 2002 at McAllen, Texas. ECF Nos. [1] ¶ 2; ECF No. [5] at 1-2. On May 2, 2025, Petitioner was stopped by Monroe County Sheriffs during a traffic stop and was charged with traffic and drug-related offenses, which were later dismissed on August 27, 2025. ECF Nos. [1] ¶ 1, [5] at 2; [5-4]. On August 28, 2025, Customs and Border Protection ("CBP") encountered Petitioner at the Monroe County Sheriff's Office detention center and determined Petitioner was in the United States unlawfully. ECF No. [5] at 2. CBP issued a Notice to Appear ("NTA") charging Petitioner as inadmissible under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) as someone who is present in the United States without being admitted or paroled and under § 212(a)(7)(A)(i)(I) as someone who is not in possession of valid immigration documentation. ECF No. [5-3]. Petitioner was transferred to ICE custody on August 31, 2025. ECF No. [5] at 2. On January 13, 2026, the Immigration Judge denied bond, citing it lacked jurisdiction to order bond pursuant to the decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). ECF No. [5-6].

Petitioner is in ICE custody at Krome North Service Processing Center pending his immigration removal proceedings. ECF Nos. [1] ¶ 27, [5] at 3. Petitioner filed the instant Petition on April 6, 2026, asserting his detention is unlawful because he is being detained without bond in violation of the INA and in violation of his substantive and procedural due process rights. ECF No. [1] at 15-16. Petitioner requests immediate release or, alternatively, a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 17. Petitioner also requests that this Court declare that Respondents' acts or omissions violate his due process rights and/or the INA. *Id.* Respondents state Petitioner is properly detained pending removal proceedings under § 1225(b)(2)(A). ECF No. [5] at 3.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.     DISCUSSION

### A.  Jurisdiction

Respondents argue the Court lacks jurisdiction to decide the Petition. ECF No. [5] at 3-5. Respondents assert 8 U.S.C. § 1252(g) divests the Court of jurisdiction to review decisions "arising from" the decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien." *Id.* at 11 (citing 8 U.S.C. § 1252(g)). Respondents claim Petitioner is essentially challenging the decision to commence removal proceedings and detain Petitioner pending such proceedings, which is expressly prohibited by § 1252(g). *Id.* Petitioner does not respond to Respondents' jurisdictional arguments but asserts jurisdiction is proper under 28 U.S.C. § 2241, 28 U.S.C. § 1331, and the Suspension Clause of the U.S. Constitution. ECF No. [1] ¶ 5.

While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has curtailed district court's subject matter jurisdiction over certain immigration actions. Section 1252 strips district court review of certain factual or legal issues concerning specific discretionary decisions related to immigration removal proceedings. Section 1252 has also consolidated review of certain immigration actions in the court of appeals. Relevant here, § 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of

3

removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *See Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at *4 (S.D. Fla. Aug. 8, 2025) (citing 8 U.S.C. § 1252(g)). While § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).

Whether § 1252(g) strips this Court of jurisdiction depends on the nature of Petitioner's challenge to his detention. Where Respondents argue Petitioner is detained pursuant to § 1225(b) and Petitioner invokes § 1226, Petitioner challenges the underlying statutory basis for his detention pending removal proceedings, which district courts have jurisdiction to hear. *See e.g.*, *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (finding the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings on the basis of § 1226(a) and § 1225(b) arguments). Thus, this Court has jurisdiction to determine the underlying statutory basis for Petitioner's detention.

## B. Exhaustion of Administrative Remedies

Petitioner argues that this Court should consider the Petition without requiring Petitioner to exhaust administrative remedies because such exhaustion is not required for habeas proceedings and any exhaustion would be futile. ECF No. [1] at 5-6.  Respondents do not directly argue that the Petition should be dismissed because Petitioner failed to exhaust administrative remedies, but Respondents acknowledge that the legal issues presented in the Petition include whether Petitioner must first exhaust administrative remedies. ECF No. [5] at 3. The Court concludes exhaustion would be futile.

The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but rather prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the

4

abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)). As a result, administrative "exhaustion is not required where no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). In *Yajure Hurtado*, the Board of Immigration Appeals ("BIA") concluded that "aliens who are present in the United States without admission are applicants for admission under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." 29 I&N Dec. 216, 220 (BIA 2025). Courts have concluded that because of *Yajure Hurtado*, any appeal to the BIA is essentially futile. *See, e.g.*, *Puga v. Assistant Field Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at \*2 (S.D. Fla. Oct. 15, 2025) ("Since the result of Petitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility."). The Court therefore excuses exhaustion.

## C. Detention Pending Removal Proceedings

Petitioner argues his detention is unlawful because he is entitled to a bond hearing under 8 U.S.C. § 1226(a) and his continued detention without an individualized bond determination violates his procedural and substantive due process rights. ECF No. [1] at 8-15. In Response, Respondents correctly state that the legal issues presented in the Petition concern the statutory authority for ICE to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A) or § 1226(a). ECF No. [5] at 3. Respondents assert that Petitioner is properly detained without bond under § 1225(b)(2)(A). ECF No. [5] at 5-8. Respondents adopt the interpretation of § 1225(b)(2)(A) and § 1226(a) that Respondents advanced in the case *Alvarez Puga v. Assistant Field Office Dir., Krome, et al.*, No. 25-24535-CIV-ALTONAGA (S.D. Fla. Oct. 15, 2025), and acknowledge that Chief Judge

Altonaga's decision in that case controls the result in this case. *Id.* at 8-9.[1] The interpretation and conclusion in *Alvarez Puga* aligns with this Court's recent decisions. In *Huerta-Lopez*, this Court found that the petitioner was detained pursuant to the authority of 8 U.S.C. § 1226(a) and was entitled to a bond hearing before an immigration judge. *See* Order Granting Petition for Writ of Habeas Corpus at 10, *Huerta-Lopez v. Miami Ice Field Office Director, et al.*, No. 26-cv-20165-BLOOM (S.D. Fla. Mar. 23, 2026), Dkt. No. 8. The Court adopts and fully incorporates its reasoning in *Huerta-Lopez*.

Based on the facts of this case, the Court finds no reason to deviate from its previous reasoning and decision. Therefore, consistent with this Court's prior rulings and the rulings of numerous other courts,[2] the Court concludes that, as a matter of statutory interpretation, Petitioner is detained pursuant to § 1226(a). Thus, he is not lawfully held under 8 U.S.C. § 1225(b)(2). Accordingly, the Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 8 U.S.C. § 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Because the Court grants Petitioner's request for a bond hearing to determine whether there is evidence of dangerousness or risk of flight to justify his continued detention, the Court does not

---

[1] The Court presumes that Respondents intended to reference a recent case by this Court but mistakenly reference a case decided by Chief Judge Altonaga.

[2] The vast majority of courts have sided against Respondents on this issue. *See Perez v. Parra*, No. 1:25-cv-24820-KMW, Dkt. No. 9 at 6-10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). The Fifth and Eighth Circuits agreed with Respondents' interpretation of the statutes. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Second Circuit recently issued a decision disagreeing with Respondents' interpretation. *See Barbosa Da Cunha v. Freden*, No. 25-3141-pr, slip op. at 2-3 (2d Cir. Apr. 28, 2026) (finding that "[§] 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry."). The Eleventh Circuit heard oral argument but has not yet ruled on the issue. *See* Oral Argument, *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065 (11th Cir. Mar. 26, 2026); Oral Argument, *Cerro Perez v. Assistant Field Office Dir., et al.*, No. 25-14075 (11th Cir. Mar. 26, 2026).

separately address his due process arguments.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.

2. Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3. Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5. Petitioner may separately file a request for attorney's fees and costs under the Equal Access to Justice Act (EAJA).

6. The Clerk of Court shall **CLOSE** this case.

7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 26-cv-22349-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 5, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of record

8